UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Carol A. Randall,  Civil No. 12-161 (DSD/LIB)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Michael J. Astrue, Commissioner of the
Social Security Administration,

    Defendant,

Carol A. Randall (Plaintiff) seeks judicial review of two decisions of the Commissioner of Social Security (Defendant). (Compl. [Docket No. 1] at 1-2, Ex. 1 at 1-5). In her Complaint, Plaintiff alleged that the Court has jurisdiction over the claims pursuant to 42 U.S.C. §§ 405(g). (Id.) Defendant filed a motion to dismiss, or in the alternative for summary judgment, asserting that Plaintiff's filing of the Complaint was not timely filed, and as such, the Court does not have jurisdiction to hear the matter. For the reasons set forth below, the Court recommends that Defendant's motion to dismiss, treated as a motion for summary judgment, be granted.

**I.    BACKGROUND**

Plaintiff filed at least three separate claims for benefits under Title II of the Social Security Act: 1) pertaining to mother's insurance benefits received; 2) pertaining to disability and supplemental security income; and 3) pertaining to widow's benefits. (Decl. of Donald V. Ortiz [Docket No. 9] at 3-5). The only two claims for review that appear to be raised by Plaintiff, reading Plaintiff's Complaint liberally, as the Court must in light of Plaintiff's pro se status, pertain to the decisions made by the Appeals Council on August 1, 2011 (regarding widow's benefits) and August 17, 2011 (regarding the overpayment of mother's insurance

1

benefits). (See Compl. at 2, Ex. 1 at 2 and 8-9) (referring to, and including a copy of, the August 1, 2011 decision); (Compl., Ex. 1 at 3 and 6-7) (referring to, and including a copy of, the August 17, 2011 decision). The Court briefly summarizes the background history of each of these decisions.

### A. The August 1, 2011 Decision

Plaintiff filed her application for Disabled Widow's Benefits on July 10, 2007, alleging a disability onset date of May 20, 2003. (Decl. of Donald V. Ortiz, Ex. 7 at 4). Her application was denied initially and upon reconsideration. (Id.) Upon Plaintiff's request for a hearing, Administrative Law Judge Larry M. Donovan (ALJ) held a hearing on May 22, 2009. (Id.) The ALJ denied Plaintiff's claim on August 9, 2009. (Id.) The ALJ found that from the date of her application through April 30, 2006, Plaintiff was not disabled within the meaning of the Social Security Act. (Id.) Plaintiff sought review of the decision by the Appeals Council. (Id., Ex. 8 at 4). On August 1, 2011, the Appeals Council issued a partially favorable decision, finding that Plaintiff had filed an earlier application for disabled widow's benefits on September 24, 2004 and that Plaintiff was entitled to disabled widow's insurance benefits for the period beginning September 25, 2003. (Id. at 6-8).[1] The decision of the Appeals Council was the final decision of the Commissioner of Social Security. (Id. at 1).

The letter from the Appeals Council informed Plaintiff that she could file a civil action asking for a court review of the Commissioner's decision. (Id.) The letter also advised her that she only had 60 days after receiving the letter to do so and that it would be assumed she received the letter 5 days after it had been mailed on August 1, 2011. (Id. at 2). It also stated, however,

---

[1] The Appeals Council affirmed the ALJ's August 9, 2009 decision in the findings made with regard to Steps 1-4 of the sequential evaluation, but further applied it as of January 1, 2003. (Decl. of Donald V. Ortiz, Ex. 8 at 5). At Step 5 of the analysis, however, the Appeals Council concluded that a finding of disabled as of September 25, 2003 (the day she turned 55 years old) was appropriate because she was unable to perform less than the full range of light work. (Id. at 6).

2

that if she could not commence a civil action for court review within 60 days, she could ask the Appeals Council for an extension of time, so long as the request was made in writing and stated a good reason. (Id.) Finally, it informed her that, should she have any questions, she could call, write, or visit any Social Security office. (Id.)

### A. The August 17, 2011 Decision

On March 6, 2007, Plaintiff was mailed a letter from the Social Security Administration advising her that she was not entitled to receive mother's benefits as of May 2006 because she was "not taking care of a child who [was] entitled to Social Security benefits," and that because her payments were not stopped until March 2007, she had been given an overpayment of $2,464.00. (Decl. of Donald V. Ortiz, Ex. 1 at 1). The letter also informed her that she could seek an appeal of the decision or seek a request for waiver. (Id. at 2).

On August 14, 2007, after Plaintiff had requested a reconsideration of the decision and a waiver of the overpayment, the Social Security Administration mailed a letter to Plaintiff advising her that she was at fault for not reporting the change of circumstances and that she was not entitled to a waiver. (Id., Ex. 2 at 1-2). The letter also informed her that she could seek review of the determination before an administrative law judge. (Id. at 1). Plaintiff requested such a hearing, and, on August 7, 2009, Administrative Law Judge Larry M. Donovan issued an unfavorable decision finding that Plaintiff was not entitled to a waiver because she was at fault in causing the overpayment. (Id., Ex. 3 at 1-6).

Upon Plaintiff's request for a review of the ALJ's August 7, 2009 decision, the Appeals Council issued a decision on August 17, 2011 denying her request for review and informing her that the ALJ's decision was the final decision of the Commissioner. (Id., Ex. 4 at 1-3). As with

the August 1, 2011 letter from the Appeals Council discussed above, this letter informed her that she had 60 days to seek review from the court. (Id.)

Defendant provides that it is not aware of any request by Plaintiff for an extension of time to file a civil action for either of the Appeals Council decisions at issue. (Decl. of Donald V. Ortiz at 5-6). Plaintiff has not submitted any information to suggest that she did. Plaintiff filed the present civil action on January 20, 2012.

Defendant seeks to dismiss Plaintiff's Complaint under Federal Rule 12(b)(6), or in the alternative seeks summary judgment on the issues. (Def.'s Mem. in Supp. of Mot. to Dismiss or For Summ. J. [Docket No. 8] at 1-2).[2]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. On a Rule 12 motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." Waldron v. Boeing Co., 388

---

[2] Defendant also asserted that dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate because the Court lacks subject matter jurisdiction over the matter on the basis that the appeal is untimely. (Def.'s Mem. in Supp. of Mot. to Dismiss or For Summ. J. [Docket No. 8] at 1-2). Importantly, Defendant does not argue that Plaintiff failed to exhaust her administrative remedies, which could be a basis to dismiss for lack of subject matter jurisdiction, see Renneke v. Astrue, 276 Fed. Appx. 548, 549 (8th Cir. 2008), but, instead, argues that the statute of limitations divests the Court of subject matter jurisdiction. Defendant has not cited to any authority within this district holding as such. In Bowen v. City of New York, 476 U.S. 467, 478 (1986), the Court explained that "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Although some authority exists for dismissing an untimely claim for lack of subject matter jurisdiction, see e.g., Riddle v. Barnhart, 2006 WL 6030555, at *1 (W.D. Wis. Nov. 1, 2006), the Second Circuit Court of Appeals has explained that a motion, in a social security claim review, under "Fed. R. Civ. P. 12(b)(1) may [be] technically inappropriate, as the 60 day period is a statute of limitations, not a jurisdictional, condition." Velez v. Apfel, 229 F.3d 1136 (2d. Cir. 2000). Undoubtedly, under Bowen, the Court, at the least, has authority to consider and apply equitable tolling. Under the circumstances of this case, where the defendant is challenging the timeliness of the plaintiff's filing to this Court, not the failure to exhaust administrative remedies, the Court will follow the prior decisions in this District and find that it has subject matter jurisdiction to hear the issue of timeliness. See Barros v. Astrue, No. 10-1339 (PJS/LIB), 2011 WL 2214928, at *9 (D. Minn. May 18, 2011) (finding that the plaintiff's claim was time barred and dismissing the matter after converting it into a motion for summary judgment); Johnson v. Astrue, No. 08-365 (JMR/JSM), 2009 WL 1286849, at *2 (D. Minn. May 6, 2009) (finding that the plaintiff's claim was time barred and dismissing the matter after construing the issue as a motion for summary judgment); McNamar v. Astrue, No. 09-3540 (PJS/JJK), 2010 WL 5479167, at *4 (D. Minn. Dec. 15, 2010) (same).

F.3d 591, 593 (8th Cir. 2004). Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, while "[a]s a general rule, the Court may not consider materials 'outside the pleadings' on a motion to dismiss," it may do so if the motion is converted into one for summary judgment. Johnson v. Astrue, No. 08-365 (JMR/JSM), 2009 WL 1286849, at *2 (D. Minn. May 6, 2009) (finding that the notice of decision from the Social Security Administration was neither embraced by the Complaint nor a public record and converting the defendant's motion into one for summary judgment); McNamar v. Astrue, No. 09-3540 (PJS/JJK), 2010 WL 5479167, at *4 (D. Minn. Dec. 15, 2010) (same). Here, a portion of the Appeals Council's decision is included in the Plaintiff's Complaint. (See Complaint, Ex. 1 at 8-9). Nevertheless, because the Court considers some matters not included within the Complaint, the Court will consider Defendant's motion in this case as one for summary judgment for purposes of determining whether the Court may even consider the merits of Plaintiff's claim. See Barros v. Astrue, No. 10-1339 (PJS/LIB), 2011 WL 2214928, at *9 (D. Minn. May 18, 2011) (explaining that it was unclear whether the defendant sought dismissal pursuant to Fed. R. Civ. P. 12(b) or a motion for summary judgment, but treating it as one for summary judgment because the Court considered materials outside the pleadings in making its decision).[3]

Summary Judgment is appropriate only when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of

---

[3] Treating this motion as one for summary judgment will not prejudice Plaintiff in anyway because Plaintiff has responded to the motion, (see Docket No. 15), and has not disputed any of the salient facts pertaining to the timing of when she received the decision of the Commissioner. As none of the material facts are in dispute, it is particularly appropriate to consider Defendant's motion as one for summary judgment.

law.  Fed. R. Civ. Pro. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991).  However, the nonmoving party may not rest on mere allegations or denials in its pleadings, but must set forth specific admissible evidence-based facts showing the existence of a genuine issue.  Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).  The movant is entitled to summary judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

### III. DISCUSSION

#### A. The August 1, 2011 Decision

The Court's review of decisions on claims arising under Title II of the Social Security Act is governed by 42 U.S.C. § 405(g) and (h).  The statute provides that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

6

> controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Appeals Council's decision on August 1, 2011 was the final decision of the Commissioner in this case. See 20 C.F.R. § 404.981.

As explained in 42 U.S.C § 405(g) and in the letter sent to Plaintiff, the 60-day window for Plaintiff to file a civil action began to run "after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." As interpreted by the Code of Federal Regulations, "the period begins to run on the date that the individual receives notice of the decision" and receipt is presumed "five days after the mailing of the decision unless there is a reasonable showing to the contrary." Johnson, 2009 WL 1286849, at *3. As such, in total, Plaintiff had 65 days after the date of mailing of the Appeals Council's decision to commence a civil action, unless she sought permission from the Commissioner for an extension to do so or could demonstrate actual receipt of the mailed letter providing notice of the decision at some much later date.

Here, Plaintiff does not dispute that the letter was mailed to her on August 1, 2011, she does not claim that her actual receipt of the letter providing notice of the decision was at such a later date as to bring her filing of her civil action within the statute of limitations, nor does she provide that she made a request to the Commissioner for an extension of the statute of limitations. Based on the record before the Court, a mailing date of August 1, 2011, would have required Plaintiff to commence her civil action prior to October 5, 2011. Instead, Plaintiff filed the present action on January 20, 2012—more than 170 days after the mailing of the Appeals Council decision.

In her response to Defendant's motion, Plaintiff acknowledges that she "did not appeal the decision by the appeals office in time at a federal court house because of circumstances in [her] life and [because she is] elderly." (Docket No. 15 at 1). She explained that she had numerous medical ailments and that at the time she was recovering from these ailments. (Id. at 1-2).

While the Court is sympathetic to Plaintiff's ailments, she has not presented any evidence to dispute that the Appeals Council letter was mailed to her on August 1, 2011, that she actually received the letter notice of decision on such a date as to make for January 20, 2012, civil filing timely, or that she made a request to the Commissioner for an extension of time to seek review from the Court. The United States Supreme Court has previously explained that the 60-day limit must be "strictly construed," subject to a consideration of equitable tolling. Bowen v. City of New York, 476 U.S. 467, 479 (1986). The Supreme Court explained that the 60-day limitation serves "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481.

The Eighth Circuit Court of Appeals, in considering the tolling of limitations period for a review of an Appeals Council decision, has explained that "[g]enerally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988). Plaintiff has not asserted that any such circumstances exist in this case. "Allowing disability claimants who have been denied benefits

8

to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period." Id.

Therefore, on the undisputed facts in the record now before the Court, it finds that equitable tolling is not appropriate in this case.

Because Plaintiff does not dispute that the Appeals Council letter was mailed to her on August 1, 2011 and she was required to commence a civil action prior to October 5, 2011, the suit is untimely and must be dismissed with prejudice. See Barros, 2011 WL 2214928, at *9; Johnson, 2009 WL 1286849; McNamar, 2010 WL 5479167 at *6-7.

### B. The August 17, 2011 Decision

The analysis for review of the Appeals Council's August 17, 2011 is largely identical as that already discussed by the Court above for the Appeals Council's August 1, 2011 decision, with the only exception being the date of mailing. With respect to this decision, the date of mailing was August 17, 2011, making the deadline for Plaintiff to file a civil action October 21, 2011. As noted above, Plaintiff did not file the present action until January 20, 2012.

Therefore, for all of the reasons stated above regarding the August 1, 2011 decision, Plaintiff's request for review of the Commissioner's August 17, 2011 is also untimely and must be dismissed.[4]

---

[4] Plaintiff also makes several references in the Complaint that her due process rights were violated because she believes a different administrative law judge presided over her administrative hearing from the administrative law judge who issued the order regarding Plaintiff's widow benefits and mother's benefits.

First, it is unclear whether Plaintiff is even asserting a procedural due process claim, as the first page of her Complaint makes clear that this is merely an "action to review a final decision of the Defendant Commissioner of Social Security." (Compl. at 1). Nevertheless, reading the Complaint liberally, the Court considers whether Plaintiff has stated a cognizable procedural due process claim.

Plaintiff does not dispute that Administrative Law Judge Donovan was the judge who signed the decision addressing her claim for widow's benefits and the separate order addressing her claim for mother's benefits. Rather, she believes that Judge Donovan was not present during the administrative hearing regarding both of these claims. (Compl. at 2, Ex. 1 at 1-). She provides that instead of Judge Donovan, "[t]here was . . . a large, elderly, bald headed man who sat as judge . . . ." (Compl., Ex. 1 at1). She asserts that "[a] legal paper should be signed by the

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendant's Motion to Dismiss [Docket No. 7], as converted by the Court into one for summary judgment, be **GRANTED**;

2) Plaintiff's complaint be dismissed with prejudice;

3) Judgment be entered accordingly

Dated: January 23, 2013
s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

---

judge who was actually there," and provides that she "**believe[s]** it was the elderly, large man who held the hearing, but the legal documents were signed by ALJ Donovan." (Id.) (emphasis added).

The Appeals Council decision issued on August 17, 2011 explicitly states that "an audit of the hearing confirms that Judge Donovan, the Administrative Law Judge who presided over the hearing is the same Administrative Law Judge who issued a decision regarding the overpayment." (Decl. of Donald V. Ortiz, Ex. 4 at 2). Plaintiff asserts that this is "a false statement on a legal paper." (Compl., Ex. 3).

Plaintiff presents no authority or support for her claim that the signing of an administrative hearing decision by a Judge who had not been present, but nonetheless reviewed the full record and issued a decision based on that review, violates her due process rights. Other courts have held that a claimant's due process rights were not violated when an ALJ stopped a hearing and a different administrative law judge presided over the continuation and issued the decision, see, e.g., Daniels v. Apfel, 181 F.3d 97 (5th Cir. 1999), or when there were two administrative hearings each conducted by a different judge, see, e.g., Wilburn v. Astrue, 2009 WL 2884747, at *35 (W.D. Mo. Sept. 3, 2009) (rejecting the plaintiff's "bait and switch" argument).

Even if Plaintiff's allegations were sufficient to plead a due process claim, which the Court need not decide, she has failed to provide admissible evidence to support her claim. Aside from her conclusory allegations and beliefs that a "large, elderly, bald headed man" was the judge who presided over the hearing, she has not presented any facts by means of a sworn affidavit or otherwise to demonstrate that Administrative Law Judge Donovan was not in fact the individual who presided over her hearing. Judge Donovan's decision regarding her widow's benefits plainly states that "[t]he claimant appeared and testified at a hearing held before the **undersigned** on May 22, 2009, in Rapid City, South Dakota." (Decl. of Donald V. Ortiz, Ex. 7 at 4) (emphasis added). The same is true for his decision for her mother's benefits. (Decl. of Donald V. Ortiz, Ex. 3 at 4) ("A hearing was held before the **undersigned** on May 22, 2009 in Rapid City, South Dakota." (emphasis added)). Therefore, even reading Plaintiff's pro se pleadings and submissions liberally to construe them as asserting a procedural due process claim, on the facts in the present record, the Court finds that Defendant is entitled to summary judgment on this issue as well.

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 6, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.